UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Criminal Case No. 19-20559
                                                     Honorable Linda V. Parker

DYSHAUN MAURICE HARRIS,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Defendant Dyshaun Maurice Harris is serving a 180-month sentence after pleading guilty pursuant to a Rule 11 Plea Agreement to one count of Production of Child Pornography in violation of 18 U.S.C. § 2251(a). The Court sentenced Defendant on July 29, 2020. Defendant has moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (ECF Nos. 31, 39), which the Government opposes (ECF Nos. 33, 41).

### Applicable Law

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or

"the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

Further, under the statute, a court may reduce a defendant's term of imprisonment (i) if it finds that extraordinary and compelling reasons warrant such a reduction; (ii) if it finds that a reduction is consistent with applicable statements issued by the Sentencing Commission; and (iii) after considering the factors set forth in 18 U.S.C. Section 3553(a) to the extent they are applicable.  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant has now properly exhausted all administrative remedies.  The Government does dispute, however, whether Defendant's diabetes constitutes an extraordinary circumstance warranting his release in light of the fact that Defendant was infected with COVID-19 and, from what the Government knows, recovered without serious impact on his health.[1]  The Government also maintains that the § 3553(a) factors do not support Defendant's release.

---

[1] The Government acknowledges, however, that Defendant's Type I diabetes would normally constitute an "extraordinary and compelling reason[]" for release. (*See* ECF No. 33 at Pg ID 149.)

2

## Analysis

The Court assumes for purposes of Defendant's motion that his diabetes continues to place him at increased risk of serious outcomes if he contracts COVID-19 again.  Nevertheless, the Court concludes that releasing Defendant at this time would pose a danger to the community.  The factors in § 3353(a) also do not support Defendant's release.

This Court sentenced Defendant only a few months ago to a term of 15 years in prison.  Thus, he has served only a very small fraction of his sentence.  Further, Defendant was charged in this case with two counts of sex trafficking, two counts of production of child pornography, distribution of child pornography, and possession of child pornography.  The facts of this case are horrific, involving Defendant sex trafficking two minor girls to strangers, physically abusing them, forcing them to engage in sexual intercourse with him, taking nude photographs of them, and posting the photographs online to prostitute the girls.

Further, Defendant has a previous conviction for armed robbery and was on parole for that conviction when he committed the current offense.

Granting Defendant's request for early release would neither "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense."  18 U.S.C. § 3553(a).

Accordingly,

**IT IS ORDERED** that Defendant's request for compassionate release is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 29, 2020